# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| YVETTE KINGDOM, | : | |
| | : | |
| Plaintiff, | : | CASE NO.: 1:22-CV-184 |
| | : | |
| v. | : | |
| | : | |
| ALL IN ONE REALTY, LLC, and | : | |
| AMANDA WILEY, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff Yvette Kingdom brings this action against Defendants All In One Realty, LLC, and Amanda Wiley (collectively, "Defendants").

## INTRODUCTION

Kingdom, a 52-year-old African American woman, began work for All In One Realty, LLC, which conducts business in Albany and surrounding areas in Southwest Georgia as ERA All In One Realty, in March 2019.  For the entire duration of her employment, she was the only black employee.  She was terminated three days after she complained to Defendants that she believed they were discriminating against her due to her race.  This complaint seeks damages and other relief from Defendants for race discrimination, retaliation for complaining about race discrimination, and unpaid wages and overtime.

## PARTIES

1.

Kingdom is a citizen of the United States and lives in Albany, Dougherty County, Georgia, where she has resided at all times relevant to this suit. She submits herself to the jurisdiction of this Court.

2.

All In One Realty, LLC ("All In One"), is a limited liability company with its principal place of business in Albany, Georgia. This Defendant may be served by personal service of process upon registered agent Amanda Wiley, 616 N. Westover Blvd., Albany, Georgia 31707.

3.

Amanda Wiley is an individual and may be served with process at 616 N. Westover Blvd., Albany, Georgia 31707, or 208 Pointer Drive, Leesburg, Georgia 31763.

4.

Defendants are subject to the jurisdiction of this Court.

5.

Service and process are timely, valid, and appropriate in all respects.

## JURISDICTION AND VENUE

6.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

7.

Kingdom asserts against the corporate defendant race discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Kingdom asserts against all Defendants race discrimination and retaliation claims under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq. ("§ 1981"), and an unpaid wages and overtime claim under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA").

8.

Pursuant to 28 U.S.C. § 1391(b) and M.D. Ga. L.R. 3.4, the Albany Division of this Court is the proper venue for Kingdom's claims because she and Defendants reside within, and the claims arose within, the Middle District of Georgia, Albany Division.

9.

All Defendants are covered employers under the FLSA; the corporate defendant is a covered employer under Title VII.

10.

All Defendants are within the purview of potentially liable parties pursuant to 42 U.S.C. § 1981 and the law related thereto.

**STATEMENT OF FACTS**

11.

On or about March 25, 2019, Kingdom was hired by All In One as a receptionist.

12.

Kingdom was initially told that her workday started at 8:30 a.m. and ended at 5:30 p.m., but the expectation quickly changed to require her to arrive at 8:00 a.m. everyday. She was also required to be available for telephone calls and text messages outside of regular work hours.

13.

Kingdom was the only employee required to work overtime and answer her personal cell phone outside of regular business hours without compensation for all hours worked and without overtime pay.

14.

Over the course of her employment, Kingdom's job duties changed. Although she believed she had been hired as a receptionist, she was later told she was the office manager. After that, she was told she was the listing coordinator. Regardless of title, Kingdom was responsible for, among other things, listing properties, associated data entry, receptionist duties, payroll, and accounts payable. She was also expected to serve as an assistant to the two owners for additional tasks as assigned.

15.

Kingdom's starting rate of pay was $16.00 per hour. Shortly after beginning work for All In One, she was given a $1.00 per hour raise. Her ending rate of pay was $17.00 per hour, which is $680.00 per 40-hour week.

16.

Kingdom was paid less than less-experienced and/or less-qualified white employees.

17.

Around when Kingdom began work at All In One, the position of Non-Licensed Assistant was offered with a rate of pay of $640 per week. The position was filled with a white person several times before Kingdom was terminated. The rate of pay for that position had increased to $850 per week by the time of Kingdom's termination.

18.

In or around November 2021, Wiley began accusing Kingdom of data entry errors and addressing errors that took place over the course of her entire employment with All In One. Kingdom was not responsible for many of the errors Wiley accused her of committing. Further, white employees were not reprimanded, punished, or otherwise given an adverse employment consequence for the same or similar errors.

19.

On February 15, 2022, Kingdom sent the following email to Wiley:

> I would like to bring to your attention my complaint that I'm being discriminated against based on my race and color of my skin. I was recently threatened with termination for alleged errors that took place over the course of three years. To my knowledge, other employees have not been threatened with termination for similar errors. Further, I am paid less than white employees. Unlike white employees, I am required to work unpaid overtime and answer my phone outside of work hours. Also, unlike white employees, I am not allowed to bring my phone into the office or allowed to eat at my desk. I have spoken with an attorney who believes these circumstances indicate race discrimination and that I have not been paid overtime, both of which violate federal law.

I request the following:

- We calculate all hours over 40 in a given week that I have not been paid;
- I am paid the overtime rate for all unpaid overtime hours times two;
- My wage rate is increased to be commensurate with white employees who have similar credentials;
- I am paid overtime moving forward;
- The company engage a consultant or take any and all other actions necessary to remove race discrimination from the workplace; and
- I not be retaliated against for making this complaint.

Sincerely,

Yvette Kingdom

20.

Kingdom was terminated three days later, on February 18, 2022.

## ADMINISTRATIVE PROCEEDINGS

21.

Kingdom timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and retaliation on March 2, 2022.

22.

On August 15, 2022, Kingdom received a notice of right to sue.

23.

All administrative prerequisites for filing suit on Kingdom's claims have been satisfied.

24.

This suit is timely, appropriate, and valid in all respects.

## PUNITIVE DAMAGES ALLEGATIONS

25.

Defendants undertook all actions in this complaint intentionally, willfully, and maliciously with respect to Kingdom and her federally protected rights.

26.

Additionally, Defendants undertook all actions in this complaint with reckless disregard for Kingdom and her federally protected rights.

## COUNT ONE

§ 1981 Race Discrimination

Against All Defendants

27.

Kingdom, who is African American and, therefore, a member of a racial minority, had an employment contract with Defendants.

28.

The termination of Kingdom's employment contract was a result of intentional race discrimination by Wiley, a white decisionmaker.

29.

Kingdom's race was a but-for cause of her termination. In other words, she would not have been terminated, and, therefore, would not have suffered the loss of a legally protected right, if she was not African American.

30.

In addition to other facts that will be further explored in discovery, evidence that Kingdom's termination was the result of intentional race discrimination includes (1) she was threatened with termination and indeed terminated for alleged errors that were met with no or lesser punishment when committed by white employees; (2) she was paid less than less-experienced and/or less-qualified white employees; and (3) unlike white employees, she was required to work outside of regular work hours without pay and she was not paid overtime.

31.

Defendants' discriminatory termination of Kingdom interfered with her ability to enjoy the benefits, privileges, terms, and conditions of her contractual employment relationship.

32.

Kingdom is entitled to damages due to Defendants' violation of 42 U.S.C. § 1981.

## COUNT TWO

Title VII Race Discrimination

Against All In One

33.

Kingdom is a member of a class protected by Title VII.

34.

All In One is a covered employer under Title VII.

35.

Kingdom was qualified for the job from which she was terminated.

36.

Kingdom was terminated from the job despite being qualified for the position.

37.

Unlike white employees, Kingdom was required to work outside of regular work hours without pay and she was not paid overtime.

38.

Kingdom was paid less than less-experienced and/or less-qualified white employees.

39.

Kingdom was terminated, not compensated for all hours worked, not paid overtime, and paid less than white employees because of her race.

40.

Kingdom's race was a but-for cause of her termination.

41.

Kingdom's race was a motivating factor for her termination.

42.

Kingdom is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

## **COUNT THREE**

§ 1981 Retaliation

Against All Defendants

43.

Kingdom engaged in statutorily protected activity by complaining of race discrimination on February 15, 2022.

44.

Kingdom suffered the adverse employment action of termination on February 18, 2022.

45.

Kingdom was terminated due to her engagement in statutorily protected activity.

46.

Kingdom's race and related engagement in statutorily protected activity was a but-for cause of her termination. In other words, she would not have been terminated, and, therefore, would not have suffered the loss of a legally protected right, if she was not African American and had not engaged in the protected activity.

47.

Defendants' illegal termination of Kingdom interfered with her ability to enjoy the benefits, privileges, terms, and conditions of her contractual employment relationship.

48.

Kingdom is entitled to damages due to Defendants' violation of 42 U.S.C. § 1981.

## COUNT FOUR

Title VII Retaliation

Against All In One

49.

Kingdom engaged in statutorily protected activity by complaining of race discrimination on February 15, 2022.

50.

Kingdom suffered the adverse employment action of termination on February 18, 2022.

51.

Kingdom's engagement in statutorily protected activity was a but-for cause of her termination.

52.

Kingdom is entitled to Title VII damages because All In One retaliated against her for engaging in statutorily protected activity.

## COUNT FIVE

FLSA: Willful Failure to Pay All Wages or Overtime Wages

Against All Defendants

53.

Kingdom was a non-exempt employee of Defendants, which are covered employers under the FLSA, from on or about March 25, 2019, until on or about February 18, 2022.

54.

At all relevant times, Defendants were employers with employees engaged in interstate commerce and had annual gross volume of sales made or business done of not less than $500,000.00.

55.

For approximately one month of Kingdom's employment, her wage rate was $16.00 per hour; at that time, her overtime rate was $22.00 per hour. After that, her wage rate was $17.00 per hour; at that time, her overtime rate was $25.50 per hour.

56.

Although Kingdom was initially told that she would be required to work Monday through Friday 8:30 a.m. to 5:30 p.m. with a one-hour lunch break, the requirement quickly changed to require her to arrive at work at 8:00 a.m.

57.

Kingdom asked about overtime but was told All In One only pays a maximum of 40 hours per week.

58.

Kingdom's work volume significantly increased in 2021. As a result, the number of hours of unpaid wages and/or overtime increased in 2021 until the February 18, 2022 termination.

59.

Kingdom estimates that she worked an average of 2.5 hours of overtime per week before the work volume increased in 2021. All In One did not require employees to clock

in/clock out or otherwise track their time in writing and, in fact, discouraged Kingdom from keeping track of her hours or tasks performed.

60.

Defendants knew or should have known that Kingdom worked substantial hours in excess of 40 per week because much of her work was performed within software, the use of which can be audited. Kingdom also sent messages to the owners outside of regular business hours as required.

61.

Defendants' failure to pay Kingdom her regular rate for all hours worked and one-and-one-half her rate of pay for all hours worked in excess of 40 per week was pursuant to a policy and practice Defendants intentionally applied to Kingdom.

62.

Defendants' FLSA violations were willful and not in good faith. As a result, the application of FLSA's three-year statute of limitations is appropriate.

63.

Kingdom is entitled to an award of FLSA damages equal to the total amount of unpaid wages and/or overtime multiplied by two.

## **PRAYER FOR RELIEF**

WHEREFORE, Kingdom demands a TRIAL BY JURY and the following relief:

(a) Declaratory judgment that Defendants' actions violated Kingdom's § 1981, Title VII, and FLSA rights;

(b) Full back pay from the date of the adverse employment action taking into account all raises to which Kingdom would have been entitled but for Defendants' unlawful activity, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(c) Front pay to compensate Kingdom for lost future wages, benefits, and pension;

(d) Compensatory damages in an amount to be determined by the enlightened conscience of the jury for Kingdom's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(e) Application of FLSA's three-year statute of limitations;

(f) Award of unpaid wages and unpaid overtime compensation due under the FLSA;

(g) Liquidated or double damages for Defendants' violation of the FLSA;

(h) Award of costs and expenses of this action, together with reasonable attorney and expert fees;

(i) Punitive damages in an amount to be determined by the enlightened conscience of the jury sufficient to punish Defendants for their conduct toward Kingdom and deter Defendants from similar conduct in the future;

(j) Judgment against Defendants for damages incurred by Kingdom;

(k) Judgment against Defendants in an amount to fully and adequately compensate Kingdom;

(l) A trial by jury on all issues triable to a jury; and

(m) Other and further relief as the Court deems just and proper.

Respectfully submitted this 11th day of November 2022.

       LAWSON, REID & DEAN, LLC

      By: s/ Douglas H. Dean, Esq.
        Georgia Bar No. 130988
        Attorney for Plaintiff Yvette Kingdom
        P.O. Box 5005
        Cordele, GA 31010
        (229) 271-9323  Office
        (229) 271-9324  Facsimile
        *douglas.dean@lawsonreidlaw.com*